## Case No. 8,615.

### The LYDIA.

[11 Blatchf. 415.] [1]

Circuit Court, S. D. New York. Dec. 15, 1873.[2]

NEGLIGENCE—FERRY-BOAT—FOG—VIGILANCE —RINGING OF BELL.

1. Important as it is that ferry-boats should be run, and although they are not necessarily bound to stop by reason of a fog. they are bound, when so running, to use vigilance, caution, and skill in some degree proportioned to the increased danger of accident.

2. The court will not now say that the ringing of a bell, or the giving of other audible signal, at the termini of the ferries, as a guide to crossing boats, is required by law; but, it is quite obvious, that it is a useful precaution, and observation suggests that it is not uncommon.

[Appeal from the district court of the United States for the Southern district of New York.]

[In admiralty.]

Dennis McMahon, for libellant.
Charles Donohue, for claimant.

WOODRUFF, Circuit Judge. I am of opinion that the conclusion of the court below [Case No. 8,614], in regard to the fault of the ferry-boat, was correct. She was out of her course, and within the line of the piers, when she came into collision with the sloop. The preponderance of the evidence is to that effect. It is not shown, and I think it is not true, that, by reasonable and proper skill and care, she could not, in a dense fog, be so steered from Weehawken towards 42d street, as not to be found between the piers and within the exterior line of their ends, opposite 51st street, nearly one-half mile above the slip to which she was bound. Important as it is that ferry-boats should be run, and although they are not necessarily bound to stop by reason of a fog, they are bound, when so running. to use vigilance, caution, and skill in some degree proportioned to the increased danger of accident. The court will not now say that the ringing of a bell, or the giving of other audible signal, at the termini of the ferries, as a guide to crossing boats, is required by law; but, it is quite obvious, that it is a useful precaution, and observation suggests that it is not uncommon.

The question of fault in the sloop is not raised in this court, otherwise than as it is

sought thereby to protect the ferry-boat. Her duty to contribute is, therefore, not in question. The libellant should have a decree in this court for the amount found due, as the contribution of the ferry-boat to the damages sustained by the two vessels, with costs of the appeal.